## Edward K. Tryon Company v. Sugarman

*Welles, Mumford, Stark & McGrath,* for plaintiff.

*M. J. Kolansky,* for defendant.

LEACH, P. J., January 15, 1937.—The report of the referee shows that defendant bought from plaintiff certain goods. There is no denial of the purchase and the amount thereof. There is a counterclaim, however, for certain goods that were lost in transit, and the question whether this is a liability on the part of plaintiff or defendant is the one upon which the exceptions are founded.

Certain goods were taken by defendant and his partner from plaintiff's place of business in their own truck.

A job lot of other merchandise was bought which was packed under the supervision of defendant's partner and was delivered to a transportation company suggested by plaintiff. The freight was to be paid by defendant. Defendant claims that plaintiff guaranteed delivery of the goods at defendant's place of business. His partner in the deal does not corroborate him in that respect but does not deny it. Later defendant reported the loss to plaintiff and at the suggestion of plaintiff a claim was prepared against the transportation company. Plaintiff's clerk in charge of claims was unable to obtain from defendant a list of the goods claimed to be lost and finally notified defendant that he had filed a claim in order to have the claim filed before the time for filing claims had passed.

As plaintiff was unable to produce a carbon copy of the claim filed the referee held that it should be used most strongly against him, on the ground that plaintiff was suppressing evidence. There is no suggestion that plaintiff was subpœnaed to produce said copy of claim or that it was any part of plaintiff's case. The clerk in charge of that claim testified that it was not plaintiff's claim but defendant's that he made out. For that reason we believe that the referee was in error in drawing the inference of fact that the failure to produce the claim was evidence against plaintiff.

There still remains the question for consideration whether the referee believes plaintiff's statement and the natural rule of law that delivery to a common carrier is delivery to the purchaser, as against the evidence of defendant that a special agreement was made in this case. There also remains for consideration the fact that defendant never gave any exact proof of the particular goods that were lost at a time when they could be checked in his store. In fact, even at the trial his evidence seems to be vague on that point.

January 15, 1937, the case will be returned to the referee for consideration under rulings made in this opinion.